# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RAFAEL ANGEL RODRIGUEZ, | Case No. 1:25-cv-1367 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| CITY OF PARMA MUNICIPAL COURT, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Rafael Angel Rodriquez, proceeding without a lawyer, brings claims of civil rights violations and fraud, among others, against numerous Defendants, including the City of Parma and its police department, Officer Jonathan Garcia, the Parma Municipal Court, multiple Parma Municipal Court judges, clerks, and a magistrate, a public defender, the city prosecutor, a third-party debt collector, and other John Does. (ECF No. 1.)

### FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, Plaintiff names as Defendants all those who appear to have had some involvement in cases against him in the Parma Municipal Court, "for a systematic, coordinated, and deliberate violation of his civil, constitutional, and human rights." (*Id*., PageID #1.) But his complaint (with nearly 250 pages of exhibits attached) consists entirely of unclear and conclusory allegations and grievances apparently relating to charges and municipal court proceedings against him.

In the "factual allegation" section of his complaint, Mr. Rodriguez complains that he was "unlawfully stopped .. . with no probable cause"; issued an "invalid citation"; "set . . up with an invalid warrant"; an "Officer lied" about taking his photo; and there was "bodycam tampering." (*Id.*, PageID #3.) Also, he complains that Judge Dobeck, Judge Kenneally, and Magistrate Fink violated court procedures; his public defender (who he avers "missed 3 court dates" and "fed plaintiff's strategy to the prosecution") engaged in misconduct; he claims "double dipping" and "mail fraud" apparently in connection with fines imposed on him; "vehicle theft & retaliation"; and "document tampering and clerk misconduct." (*Id.*, PageID #3–4.)

Based on these general allegations, Plaintiff sets forth an otherwise unexplained list of over twenty "Violations of Law," including federal claims for civil rights violations, conspiracy, kidnapping, RICO, and "FDCPA Fraud"; claims for "Ohio State and Court Rule Violations"; and "Common Law & Constitutional Claims," including "Violation of Universal God's Law Equity, Law, and Natural Rights." (*Id.*, PageID #5–6.)

He asks the Court for "[i]mmediate injunctive relief . . . [h]alt[ing] all collection, court cost enforcement, license penalties, and warrants from Parma Municipal Court"; "[e]xpungement of all records, convictions, and warrants from Parma"; compensatory and punitive damages; and other relief (*i.e.* "[r]eferral to the U.S.D.O.J. Civil Rights Division for full investigation," and "mandatory disbarment review of all named attorneys and judges"). (*Id.*, PageID #6.)

Plaintiff did not pay the filing fee in the case. Instead, he filed an application to proceed *in forma pauperis*. (ECF No. 2.) The Court grants that application. Also, he motion or appointment of counsel. (ECF No. 3.) "Appointment of counsel in a civil case is not a constitutional right" and "is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Based on its review of the record, including the attachments to the complaint, the Court finds that no such circumstances warrant the appointment of counsel here. Further, appointment of counsel "is not appropriate when a *pro se* litigant's claims are frivolous" or "when the chances of success are extremely slim." (*Id.*) (internal citation omitted). As explained below, this reason also justifies denial of Plaintiff's motion to appoint counsel.

## ANALYSIS

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits, *see e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* litigants must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Under 28 U.S.C. § 1915(e)(2)(B), a federal court must review all complaints filed *in forma pauperis* and dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

3

*See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted where it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470–71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for motions to dismiss under Rule 12(b)(6) governs dismissals for failure to state a claim under Section 1915(e)(2)(B)). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

Although detailed allegations are not required, the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims" against them are "and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The record demonstrates that Plaintiff's complaint warrants dismissal for failure to state a claim pursuant to Section 1915(e)(2)(B). Even liberally construed, the statements and allegations set forth in Plaintiff's pleadings are so unclear, convoluted, and conclusory that they fail to meet the basic federal pleading requirements or state any plausible civil claim on which he may be granted relief, under any of the over-twenty "violations of law" he lists. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary

4

allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, most of the Defendants are immune from suit or cannot be sued for federal rights violations under 42 U.S.C. § 1983. *See, e.g,, Gueye v. Bishop*, No 1:14-cv-353, 2015 WL 5996387, at *1 (S.D. Ohio Oct. 15, 2015) 2015) (summarily dismissing *pro se* action against prosecuting attorney, judges, municipal court, city, an Ohio court, and public defender's office in connection with a municipal court case).

In addition, to the extent Plaintiff seeks damages on the basis of an unlawful conviction or sentence in the Parma Municipal Court, his action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a plaintiff may not pursue a damages claim arising out of an allegedly unlawful conviction or sentence unless and until he proves that the conviction or sentence has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486–87. Nothing in Plaintiff's complaint (or "Notice of recent Municipal-Court Proceedings; Supplemental Evidence; and Preservation of Record" he filed on September 2, 2025 (ECF No. 6)), suggests that any municipal court conviction or sentence upon which his complaint is based has been called into question or invalidated as *Heck* requires.

And the Court lacks jurisdiction to review, overturn, or "expunge" any judgment of conviction or sentence of a state court as Plaintiff seeks. Federal courts do not have jurisdiction to overturn State court decisions, even if the request to

5

reverse a State court judgment is based on an allegation that the State court's action was unconstitutional. *See, e.g.*, *Black v. Falvey*, No. 5:17-cv-2011, 2018 WL 501313, at *1 (N.D. Ohio Jan. 22, 2018) (dismissing *pro se* action seeking relief from municipal court conviction. To the extent Plaintiff seeks to mount a collateral attack on a conviction in municipal court, his sole federal remedy is to petition for a writ habeas corpus after he has fully exhausted his remedies in the State courts. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Bey v. Weisenburger*, No. 3:23-cv-356, 2023 WL 3601911, at *3 (N.D. Ohio May 23, 2023) (dismissing *pro se* plaintiff's civil rights complaint challenging the legality of his arrests and convictions in a municipal court).

Finally, to the extent Plaintiff challenges the legality of a pending municipal court proceeding, his complaint fails to state a claim over which the Court may exercise jurisdiction. Federal courts must abstain from interfering with proceedings pending in the State courts involving important State interests, absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 44–45 (1971); *Leveye v. Metropolitan Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003). The Court will not intervene in an ongoing or pending Municipal Court traffic or criminal proceeding. *See Moore v. City of Garfield Heights*, No. 12-cv-1700, 2012 WL 5845369, at * 5 (N.D. Ohio Nov. 19, 2012) (dismissing the plaintiff's claims arising from municipal court traffic, criminal, and small claims proceedings).

## CONCLUSION

For all these reasons, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: September 25, 2025

                                          J. Philip Calabrese
                                          United States District Judge
                                          Northern District of Ohio